# In the United States District Court for the Western District of Texas

| United States of America | § | |
| --- | --- | --- |
| | § | |
| v. | § | 09-CR-366-XR |
| | § | |
| Gilbert Gonzales | § | |

## ORDER

On this day came on to be considered Defendant's Motion to Suppress (docket no. 33).

## Background

Defendant is charged in the Indictment with possessing with intent to distribute 100 grams or more of heroin on or about April 27, 2009. Count two charges him with using, carrying and possessing a firearm in relation to and in furtherance of a drug trafficking crime.

On April 27, 2009, San Antonio Police Detective Tim Fuller received information that a black Saturn VUE had a large quantity of heroin inside the vehicle. Detective Fuller testified at the motion to suppress hearing that he called other police officers and instructed them "to pull the car."[1] SAPD Officers John Salinas and Scott Jeremy Valadez testified that they heard Det. Fuller's

---

[1] Officer Salinas testified that he was also informed during this call that drugs were possibly in the car, but was not informed whether weapons were also suspected in the vehicle. Officer Valadez did not recall being given any information about drugs possibly being in the car.

instruction[2] and that upon the Saturn's making a right turn without signaling, they initiated a traffic stop of the vehicle. The traffic stop took place at 11:13 p.m. The location was not well lit and dark.

Officer Salinas was driving and when he exited his vehicle, he approached the driver's side of the Saturn. Officer Valadez was a passenger in the patrol car. When he exited the patrol car, he approached the Saturn's passenger side. Officer Valadez pointed his flashlight into the Saturn to see whether there were any passengers in the back seat. He did not notice anything unusual when he looked into the vehicle. The Saturn's front windows were lightly tinted. The back seat windows had a very dark tint.[3] Officer Valadez testified that notwithstanding the dark tint, he was able to see inside the vehicle with his flashlight.

Officer Salinas testified that as he approached the Saturn he used his flashlight and looked into the back seat and as he "was checking the backseat, [he] saw the grip of a pistol behind the driver seat." He testified that he saw the whole black grip of a handgun and it was in plain view.[4] At the moment he

---

[2] Officer Valadez testified that he understood the instruction as "try to find probable cause for a traffic stop."

[3] The Defendant argues that given the darkness of the tint and glare from a flashlight, Officer Salinas was unable to see any black grip of a handgun in the vehicle.

[4] The Court rejects the Defendant's invitation to discredit the police officers' testimony that they were able to see inside the back seat of the vehicle given the window tint and darkness of the area. Both officers testified they were able to see inside the vehicle with their flashlights.

initially saw the handgun, Officer Salinas thought it was a Glock type weapon.[5]

Officer Salinas testified that he asked the driver for his license and insurance information. The driver produced a driver's license, but did not have any proof of insurance. Officer Salinas asked the driver to step outside the vehicle and asked the driver if there were any weapons in the vehicle. The driver told him that there was a weapon in the car, did not disclose where it was, and never presented any weapons permit.[6] Officer Salinas testified that he then arrested the Defendant for unlawful carrying of a weapon[7], placed the Defendant in the patrol car[8], and read the Defendant his *Miranda* rights.[9] Thereafter, he testified that he opened the rear driver side door of the Saturn, went to the compartment where he saw the gun, and when he did so, he then saw a zip lock bag containing a brown powdered substance that he thought was heroin. He then called for a detective to come to their location.

---

[5] It was later determined that the handgun was a Smith and Wesson 40 caliber handgun with several rounds in the magazine. Gov't Ex. 4.

[6] Texas law requires a concealed handgun license holder to display the handgun license to an officer when an officer demands identification. Tex. Gov't Code Ann. § 411.205. Officer Salinas, however, testified that he did not ask the Defendant to produce any such license.

[7] Texas Penal Code § 46.02(a-1).

[8] Officer Valadez testified that as he was speaking to the passenger, Officer Salinas instructed the Saturn driver (Defendant Gilbert Gonzales) to get out of the vehicle and Officer Salinas handcuffed the driver. Officer Salinas motioned to Officer Valadez to get the passenger out of the vehicle and Officer Valadez did so. The Defendant was placed in the patrol car and the passenger was handcuffed standing between the two vehicles, and thereafter Officer Salinas brought Officer Valadez to the rear driver side of the Saturn and pointed to an exposed handgun in the back pocket of the driver seat.

[9] Officer Salinas testified that had the Defendant produced the weapon and a weapons permit, he would have nevertheless arrested the Defendant for failure to signal a right hand turn and failure to produce proof of insurance.

The Defendant was later transported to the SAPD tactical response unit, again read his rights and the Defendant provided a written statement.

**Defendant's Motion To Suppress**

Defendant argues that the police officer did not "have a valid reason to conduct an inventory of the Saturn and seize illegal evidence."[10]

The Government argues that the search of the vehicle was valid because: (1) the handgun was in plain view; (2) the search was incident to custodial arrest for the two offenses of unlawful carrying weapon and failure to maintain insurance; (3) probable cause existed; (4) the automobile exigent circumstances exception; (5) the inventory search exception; and (6) inevitable discovery.

**Analysis**

The Defendant concedes that even if the traffic stop was pretextual, the traffic stop was valid because of the police officer's testimony that a right turn without signaling had been made.[11]

It is uncontested that the only reason Defendant was arrested was because he was unlawfully carrying a weapon in violation of the Texas Penal Code. Accordingly, the Government's alternative argument that the Defendant could

---

[10] Defendant first begins this challenge arguing that since this was an arrest made by local law enforcement officers (and not federal law enforcement officers), this entire prosecution is suspect and impermissible forum shopping. The fact that state and federal prosecutors decide amongst themselves which forum a case will be prosecuted is not a basis for any legal challenge. The Defendant has been charged with violation of federal criminal laws and therefore this Court has jurisdiction.

[11] A traffic stop is generally viewed as "reasonable" if the officers making the stop had probable cause to believe a traffic violation actually occurred. Even if the traffic violation justification for the stop is mere pretext, the stop is considered reasonable if the officer's belief that a traffic violation occurred is objectively grounded. *United States v. Cole*, 444 F.3d 688, 689 (5th Cir. 2006).

4

have been arrested for failing to prove that he had insurance is not relevant.

Texas Penal Code § 46.02(a-1) states:

A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle that is owned by the person or under the person's control at any time in which:

(1) the handgun is in plain view[12]; or
(2) the person is:
    (A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic;
    (B) prohibited by law from possessing a firearm; or
    (C) a member of a criminal street gang, as defined by Section 71.01.

It is uncontested that Defendant was not a prior felon and accordingly he was not prohibited by law from possessing a firearm. No evidence has been provided to the Court that Defendant was a member of any criminal street gang.

Accordingly, Officer Salinas could have arrested the Defendant if he had probable cause that Defendant had a handgun in his vehicle and the handgun was in plain view. Officer Salinas could also have arrested the Defendant if he had probable cause that Defendant was engaged in criminal activity (other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic).[13]

A law enforcement officer who peers into the interior of a vehicle during the course of a legitimate traffic stop is not conducting a search within the

---

[12] Defendant argues that based upon this statute's 2007 amendment, if a person conceals their handgun, Texas law is not violated.

[13] Both police officers conceded during the motion to suppress hearing that the only basis for their traffic stop was failure to signal. Accordingly, at the time of the traffic stop they lacked any probable cause that Defendant was engaged in any criminal activity.

5

meaning of the Fourth Amendment. *Texas v. Brown*, 460 U.S. 730 (1983); *Brumfield v. Jones*, 849 F.2d 152 (5th Cir. 1988). This is the case even if the police officer shines his flashlight into the back seat of the vehicle. *Id*. 739-40. *see also Wright v. State*, No. 14-03-632-CR, 2004 WL 1555091 (Tex. App.-Houston [14th Dist.] July 13, 2004).

Officer Salinas testified that the butt of the handgun was in plain view. The remainder of the handgun was concealed. If the handgun was in plain view, the Defendant was in violation of the Texas Penal Code and Officer Salinas had probable cause to arrest the Defendant. The Texas statute does not define "plain view." This Court has found very few cases addressing whether a partially concealed handgun is nevertheless in "plain view." The Court concludes that the gun's incriminating nature was immediately apparent and when the butt of a handgun is in plain view, the entire handgun is in plain view so far as a violation of Texas Penal Code § 46.02(a-1) is concerned. *See e.g., U.S. v. Turner*, 996 F.2d 1229 (9th Cir. 1993); *U.S. v. Gregory*, No. 3:06-110, 2007 WL 3053431 (M.D. Tenn. Oct. 18, 2007). Accordingly, Officer Salinas had probable cause to believe that the Defendant violated Texas Penal Code § 46.02(a-1).

Defendant argues that even if Officer Salinas saw the butt of what appeared to be a handgun, at that point in time Officer Salinas could not have known whether the weapon was an antique or curio firearm or a replica of same (all of which are exempted from the definition of a firearm under Tex. Penal Code § 46.01) or whether the weapon was a pellet gun. That argument, however,

6

is misplaced. Officer Salinas had probable cause to arrest if he saw the handgun in plain view and believed the object to be a contraband handgun. *See e.g. U.S. v. Nweke*, 340 Fed. Appx. 237, 238 (5th Cir. 2009) ("The plain view doctrine will support a warrantless seizure if: (1) the officer was lawfully in the position from which the object was plainly seen; (2) the object was in plain view; (3) the object's incriminating nature was immediately apparent; and (4) the officer had a lawful right of access to the object itself. [T]he incriminating nature of an object is immediately apparent if the officers had probable cause to believe that the object was contraband or evidence of a crime.")(internal citation omitted); *Waltman v. Payne*, 535 F.3d 342 (5th Cir. 2008); *U.S. v. Leal*, 48 F.3d 530 (5th Cir. 1995).

Once Officer Salinas lawfully took custody of the handgun, he came upon the zip lock bag containing suspected drugs.[14] The seizure of the zip lock bag was proper.

Even if it were to be argued that Officer Salinas search and seizure of the zip lock bag was improper, because the Defendant was arrested for unlawful carrying and the passenger was arrested for an outstanding warrant, the vehicle was to be impounded. While it is true that the arresting officer in this case was not conducting an inventory search at the time the drugs were discovered, an inventory search was an inevitable consequence of the impending impoundment of the vehicle. *See U.S. v. Swan*, 259 Fed. Appx. 656 (5th Cir. 2007).

For the foregoing reasons, Defendant's motion to suppress is denied.

---

[14] It was later determined that the zip lock bag contained approximately 473 grams of heroin.

It is so ORDERED.

SIGNED this 1st day of February, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE